SEALED

FILED
SEP 30 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

BENJAMIN B. WAGNER
United States Attorney
MICHELLE A. PRINCE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2758
Facsimile: (916) 554-2900

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE EXTRADITION OF ) NO. 2:11-mj-310 KJN
)
JAMES WILLIAM ROBERTSON, ) **UNDER SEAL**
)
        Fugitive. ) COMPLAINT FOR PROVISIONAL ARREST
) WITH A VIEW TOWARDS EXTRADITION
) (18 U.S.C. § 3184)
)
)

    I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

    1. There is an Extradition Treaty, as amended by Protocols, in force between the United States and Canada, 27 UST 983, TIAS 8237;

    2. The Treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request and supporting documents;

    3. In accordance with Article 11 of the Treaty, the Government of Canada has asked the United States for the provisional arrest of James William ROBERTSON (hereinafter "ROBERTSON"), with a view toward extradition;

    4. According to information provided by Canada in the form

authorized by the Treaty, ROBERTSON, a dual U.S.-Canadian citizen, is wanted in Canada to serve a sentence on the following charges: (1) sexual assault, in violation of section 246.1 of the Criminal Code of Canada ("CCC"); (2) two counts of indecent assault of a male person upon another male person, in violation of section 156 of the CCC; (3) two counts of indecent assault upon a female, in violation of section 141(1) of the CCC; (4) three counts of indecent assault upon a female, in violation of section 149(1) of the CCC; (5) rape, in violation of section 136(a) of the CCC; (6) rape, in violation of section 144 of the CCC; (7) common assault, in violation of section 231(1) of the CCC; and (8) common assault, in violation of section 245(1) of the CCC all committed in Sidney, British Columbia between 1966 and 1988. ROBERTSON is also wanted to stand trial on three counts of failing to comply with long term supervision order contrary to Section 753.3(1) of the CCC.

On January 20, 2005, the Honourable Madam Justice Kirkpatrick, a Justice of the Supreme Court of British Columbia, in Vancouver British Columbia, Canada imposed a cumulative sentence of 5 years for the aforementioned offenses and ordered him to be supervised upon his release by the Correctional Service of Canada for a period of ten years (the "Long-term Offender Order"). On January 19, 2010, ROBERTSON commenced serving the 10 year Long Term Supervision Order imposed as part of the sentence received on January 20, 2005. On March 31, 2010, a Warrant of Apprehension and Suspension of Long Term Supervision was issued by the Vancouver Parole Office of the Correctional Service of Canada due to ROBERTSON's failure to meet his required frequency of contact and his whereabouts were unknown to the supervising authorities;

-2-
Complaint for Provisional Arrest with a View Towards Extradition

5. The warrant was issued on the basis of the following facts:

The 12 convictions against James William ROBERTSON are primarily sexual offences that occurred in Sidney, British Columbia, between the years 1966 and 1988. The victims were James ROBERTSON's children, step-children, step-grandchild and a friend of his step-child. These offences were first reported to the Royal Canadian Mounted Police in Sidney, British Columbia on December 4, 1996. For detailed synopsis of the offences, please refer to the attached Reasons for Judgment of The Honourable Madam Justice Kirkpatrick, citation *R. v. R. (J.W.)*, 2005 BCSC 75, paragraphs 7 to 23.

After being credited 11 years for time served while awaiting trial, ROBERTSON received an effective sentence of 5 years plus the Long-Term Supervision Order. Pursuant to the terms of his Long-Term Supervision Order, ROBERTSON was, amongst other conditions, required to report to a parole officer as directed, advise his parole officer of his residential address and thereafter report immediately any change, and to remain at all times in Canada.

ROBERTSON'S Long-Term Supervision Order commenced January 19, 2010, following the expiration of his period of incarceration. In March 2010, his parole officer lost contact with him. Contrary to the conditions of his Long-Term Supervision Order ROBERTSON moved from his sister's residence in Richmond, British Columbia without advising his parole officer and had ceased reporting to her.

As of 2005, James William ROBERTSON was described as a white male, with blue eyes and grey hair, standing approximately 6 feet, and weighing approximately 170 lbs. He was born on July 12th, 1940, and is a dual U.S.-Canadian citizen. The requesting country provided copies of photographs of ROBERTSON with the provisional arrest

1  request materials.

2      6. Canada, the requesting country, has indicated that there are
3  urgent circumstances that warrant ROBERTSON's provisional arrest.
4  The declaration that a person is a long term offender under Part XXIV
5  of the *Criminal Code of Canada* is a very serious pronouncement made
6  by the Court. It comes after psychiatric assessments to determine
7  whether the offender is a dangerous offender or a long term offender.

8      Mr. ROBERTSON was declared a long term offender and this
9  declaration was upheld upon appeal to the British Columbia Court of
10 Appeal (*R. v. J.W.R.* 2010 BCCA 66). In order to get to this
11 declaration under s.753.1(1) of the Code the Court had to be
12 satisfied that:

    (a)  It would be appropriate to impose a sentence of imprisonment of two years or more for the offence for which the offender has been convicted;
    (b)  There was a substantial risk that the offender will reoffend; and
    (c)  There was a reasonable possibility of eventual control of the risk in the community.

18     Based on the court declaration that this offender represents a
19 substantial risk of reoffending, it is advanced that the execution of
20 the supervision order is critical in managing the risk this
21 individual represents. By unlawfully absenting himself from Canada
22 and taking refuge in the United States, ROBERTSON is evading the
23 strict supervision of his conduct intended by the Court in imposition
24 of the long-term offender designation and poses a risk to commit
25 serious personal injury offences while a fugitive in the United
26 States.

27     It has recently become known within the condo complex where
28 ROBERTSON is currently residing in Lake Tahoe that there is an

-4-
Complaint for Provisional Arrest with a View Towards Extradition

outstanding warrant from Canada for the arrest of ROBERTSON and that he is a fugitive on an RCMP "wanted" poster which appears on the RCMP website. There is concern that the widespread sharing of this information both within the condo association and the greater Lake Tahoe area may cause ROBERTSON to flee the jurisdiction or that he might be harmed before a formal extradition application can be made to the United States authorities.

This notoriety and the risk of having an individual with ROBERTSON's past criminal history for sexual offences against vulnerable individuals at large contrary to a Long Term Supervision Order designed to monitor his activities and provide some assurance of safety to the general public both indicate a risk which must be addressed.

Finally, the South Lake Tahoe Chief of Police became aware today, September 29, 2011, that ROBERTSON baby-sat a seven year old girl last week. The girl's mother has raised this matter with the local authorities. This alleged behavior by ROBERTSON is inconsistent with the one of the conditions of the long term supervision order prohibiting ROBERTSON from having any direct or indirect contact with any person under the age of 18 unless supervised by a responsible adult pre-approved in writing by his parole officer.

7. The offenses with which ROBERTSON is charged are provided for in Article 2 of the Extradition Treaty, as amended by the Protocols, cited above;

8. ROBERTSON is expected be found within the jurisdiction of this court, specifically at his residence in apartment #125, 3535 Lake Tahoe Blvd, South Lake Tahoe, California.

9. The requesting state has represented that it will submit a

1  formal request for extradition, supported by the documents specified
2  in the Treaty, within 60 days, as required by Article 11 of the
3  Extradition Treaty, as amended by the Protocols.
4  ///
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28      WHEREFORE, the undersigned complainant requests that a warrant

1  for the arrest of the aforenamed person be issued in accordance with
2  Title 18, United States Code, Section 3184, and the Extradition
3  Treaty between the United States and Canada, as amended by its
4  Protocols.

_____
MICHELLE A. PRINCE
Assistant U.S. Attorney

Sworn to before me and subscribed in my presence this 29th day of September, 2011, Sacramento, California.

_____
THE HON. KENDALL J. NEWMAN
United States Magistrate Judge

-7-
Complaint for Provisional Arrest with a View Towards Extradition