DANIEL J. BRODERICK
Federal Defender
RACHELLE BARBOUR, BAR # 185395
Research and Writing Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for JAMES WILLIAM ROBERTSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Extradition of<br><br>JAMES WILLIAM ROBERTSON. | CASE NO.  Mag. No. 11-310-KJN<br><br>MR. ROBERTSON'S BRIEF IN OPPOSITION TO EXTRADITION<br><br>Date: November 16, 2011<br>Time: 2:00 p.m.<br>Judge: Dale A. Drozd |

I.   INTRODUCTION

On November 16, 2011, this Court will consider whether Mr. Robertson must be extradited to Canada. As noted by the government in its memorandum, the Court's determination of this issue is constrained by the terms of the treaty between the United States and Canada.[1]

The Canadian government has failed to set forth a legal basis for Mr. Robertson's extradition. The government has offered two grounds, neither of which sustains its burden under

---

[1] For the Court's convenience in considering the issue, that treaty is attached (in English and with the protocols amending it) as Appendix A to this brief.

1

the treaty.  The first ground – that Mr. Robertson must be extradited to face a new charge – fails under the treaty's "dual criminality" requirement: the new crime must be a felony in both the United States and Canada, but it is not even a new crime in the United States.

The second ground – that Mr. Robertson must be extradited to finish serving a Canadian sentence – fails because Mr. Robertson fully completed his sentence for his Canadian conviction in 2010.  The "Long Term Supervision" upon which he was placed after serving his sentence is not a criminal "sentence" under either Canadian or United States law, and therefore is not a "sentence" under the treaty.  It cannot provide a ground for extradition.

Because neither ground is a permissible basis for Mr. Robertson's extradition, the Court must deny the request for extradition and order Mr. Robertson immediately released.

II.   FACTUAL AND PROCEDURAL BACKGROUND

James William Robertson, a dual citizen of Canada and the United States, was convicted on January 20, 2005 of several criminal offenses, primarily of a sexual nature, in Vancouver British Columbia, Canada.[2]  That day, Mr. Robertson was sentenced to serve five years imprisonment.  He was also ordered to participate in "Long-Term Supervision" for ten years pursuant to 753.1(3) of the Canadian Criminal Code.

Mr. Robertson served his term in prison.  Pursuant to

---

[2]  Mr. Robertson's case went to trial twice in Canada and his guilt was strongly contested.  Many persons believe that Mr. Robertson was wrongly convicted of these crimes.  (Appendix B [letters of support].)

2

Canadian law, he was paroled from prison on after serving 22 months.  After another 18 months on parole, he transitioned to "Statutory Release" for the final 20 months until the end of his five year sentence.  There is no dispute that Mr. Robertson completed this sentence on January 19, 2010.  There is no indication that he had any violations of his parole or statutory release.

On January 19, 2010, after completing his term of imprisonment, parole, and statutory release, Mr. Robertson began a ten-year term of "Long Term Supervision."  On March 31, 2010, a Warrant of Apprehension was issued by the Vancouver Parole Office due to Mr. Robertson's failure to meet his required frequency of contact during Long Term Supervision in violation of section 753.3(1) of the Canadian Criminal Code.[3]

As early as April 2010, Mr. Robertson was determined by the authorities to have entered the U.S. and to be living at his home in South Lake Tahoe, California.  A complaint for provisional arrest was issued on September 29, 2011, and Mr. Robertson was arrested on September 30, 2011 and brought to court October 3, 2011 to begin this proceeding.

III.   APPLICABLE LAW AT THE EXTRADITION HEARING

Extradition between the United States and Canada is limited to the "circumstances and subject to the conditions described in

---

[3]   Both the Canadian and the United States government allege that Mr. Robertson faces a charge in Canada for failing to register as a sex offender pursuant to section 490.012 of the Canadian Criminal Code.  The Canadian submission (but not the memorandum filed in Court) makes it clear that the offense is punishable by a maximum of six months in prison in Canada and accordingly cannot be the basis for extradition.  If extradited on another basis, Mr. Robertson cannot be tried or punished for this offense. Treaty, Art. 12(1).

3

this Treaty." 27 U.S.T. 983, Art. I (hereinafter, Treaty). Article I of the treaty provides for extradition of "persons . . . who have been charged with, or convicted of, any of the offenses covered by Article 2 of this Treaty. . . ."

Pursuant to Article 2, the new charge for which extradition is sought must constitute an offense punishable, by the <u>laws of both Canada and the United States</u>, by a term of imprisonment exceeding one year. Treaty (First Protocol), art. 2(1); <u>see also</u> Extradition Packet, McDonough Decl., para. 5. Pursuant to Article 9(4), if extradition is sought for a prior conviction, the government must show that the person has not served the entire sentence for that conviction.

The decision to extradite "shall be made in accordance with the law of the requested State and the person whose extradition is sought shall have the right to use all remedies and recourses provided by such law." Art. 8. Title 18, United States Code, Chapter 209 provides the statutory law of extradition. Specifically section 3184 vests this Court with the determination whether to extradite.

IV. THE NEW CHARGE – FAILURE TO COMPLY WITH "LONG TERM SUPERVISION" - IS NOT A CRIME IN THE UNITED STATES AND THEREFORE CANNOT BE A BASIS FOR EXTRADITION

With respect to conduct for which Mr. Robertson has been charged in Canada, the Treaty requires that "Extradition shall be granted only if the evidence be found sufficient, according to the laws of the place where the person sought shall be found . . . to justify his committal for trial if the offense of which he is accused had been committed in its territory. . . ." Treaty, art. 10(1). The Ninth Circuit has interpreted this type of

4

provision to require a showing of "probable cause" that the person sought for extradition committed the charged offenses. Emami v. United States Dist. Court, 834 F. 2d 1444, 1447 (9th Cir. 1987).

The Canadian government only seeks extradition for a new prosecution of "three counts of failing to comply with a Long-Term Supervision Order." Extradition Packet, Murray Affidavit, para. 4; Information 152261. As noted by Canadian Prosecutor Murray, a Long-Term Supervision Order is "imposed after a finding that the offender is a Long-Term Offender." Id., para. 6. It is imposed pursuant to section 753.1 of the Canadian Criminal Code. Under Canadian law, an offender who breaches a Long-Term Supervision Order "is guilty of an indictable offense and is subject to a term of imprisonment of up to ten years." Canadian Crim. Code § 753.3. The new offense alleged against Mr. Robertson, violation of Canada Criminal Code section 753.3(1), provides, "An offender who, without reasonable excuse, fails or refuses to comply with long-term supervision is guilty of an indictable offence and liable to imprisonment for a term not exceeding 10 years."

The government must not only show that Mr. Robertson is facing a qualifying offense in Canada; it must show that the offense is also a felony in the United States. Article 2 of the Treaty provides that "Extradition shall be granted for conduct which constitutes as offense punishable by the laws of both Contracting Parties by imprisonment or other form of detention for a term exceeding one year or any greater punishment." The "Contracting Parties" are the United States and Canada.

1 | Cucuzzella v. Keliikoa, 638 F.2d 105, 107 (9th Cir. 1981).

2 |     In determining whether the offense charged in Canada has a counterpart in the United States a court will look to "proscription by criminal provisions of federal law or, if none, the law of the place where the fugitive is found or, if none, the law of preponderance of the states." Cucuzzella, 638 F.2d at 107.

    The government appears to analogize a violation of Long-Term Supervision to a violation of supervised release.  However, as correctly noted by the government, federal law does not set forth a new crime that can be charged for a breach of supervised release.  The government cites 18 U.S.C. § 3583 as the analogous provision in federal law, but there is no new offense set forth in that statute.  Similarly, 18 U.S.C. § 3606 provides for a violation hearing for probationers, but no new offense.

    Turning to California law, the state provides for a revocation hearing for violation of parole, but does not set forth a new offense.  See e.g., Cal. Penal Code §§ 3063, 3063.1, 3455.  California also provides for specialized probation supervision of a probationer at high risk of committing a sexual offense.  Cal. Penal Code § 1203f.  Violation of that kind of supervision may lead a court to "revoke and terminate such probation," but does not constitute a new crime.  Cal. Penal Code § 1203.2.  The government has provided nothing showing that any jurisdiction, much less a majority of them, punishes a violation of supervision as a new offense.

    The attempt to extradite Mr. Robertson on new charges of violating √ 753.3(1) must fail because there is no analogous

6

provision in the United States which make a failure to comply with supervision a new felony offense.

V. BECAUSE MR. ROBERTSON FULLY SERVED HIS SENTENCE FOR HIS CANADIAN CONVICTION, HE CANNOT BE EXTRADITED ON THAT BASIS

With respect to the offenses for which Mr. Robertson has already been convicted, "When the request related to a person already convicted, it must be accompanied by the judgment of conviction and sentence passed against him in the territory of the requesting State, by a statement showing how much of the sentence has not been served, and by evidence proving that the person requested is the person to whom the sentence refers." Treaty, Art. 9(4).  Accordingly, the government must prove that Mr. Robertson has not completed his prior criminal sentence for those offense.  Because he did complete his sentence in 2010, he cannot be extradited on that basis.

Again, the issue focuses on an analysis of "Long-Term Supervision."  Even the appellate decision in Mr. Robertson's case states that long-term supervision is "not intended to be 'penal' in the sense of being designed to achieve goals of deterrence or denunciation.  The fixed sentence imposed on the offender is the means by which penal objectives are met." Extradition Packet, R. v. J.W.R., 2010 BCCA 66, para. 43. The five year prison sentence intended as punishment for Mr. Robertson's prior criminal convictions had been served in full at the time he entered the United States.  He completed that sentence and accordingly may not be extradited on the basis of those prior charges.

Other provisions of Canadian law support the distinction

7

between the sentence (prison time, parole, and statutory release) imposed, and any order of Long-Term Supervision. The Long-Term Supervision statute, section 753.1(3), provides, "If the court finds an offender to be long-term offender, it shall (a) impose a <u>sentence</u> for the offence for which the offender has been convicted, which must be a minimum punishment of imprisonment for a term of two years; and (b) order that the offender be subject to long-term supervision for a period that does not exceed 10 years." <u>laws.justice.gc.ca.</u>  This makes it clear that the sentence is the term of years imposed, while long-term supervision is not part of the sentence. In contrast, statutory release is defined under section 99 of the Corrections and Conditional Release Act as release from imprisonment "before the expiration of an offender's sentence . . ." <u>laws.justice.gc.ca.</u> Accordingly, Canadian law provides for different kinds of release: statutory release, which is part of a sentence, and long-term supervision, which commences once a sentence is done.

    Mr. Robertson received a sentence of five years for his prior offenses and completed that sentence in 2010 prior to coming to the United States. Although he was ordered to comply with long-term supervision, that was not part of his sentence for those crimes and accordingly he cannot be extradited for failing to comply with Long-Term Supervision. Because Mr. Robertson completed his sentence, he is not extraditable for his prior criminal convictions.

VI.   SHOULD THE COURT ORDER EXTRADITION, IT MUST SPECIFY THE GROUNDS TO ENSURE THAT THE CANADIAN GOVERNMENT DOES NOT TRY OR PUNISH MR. ROBERTSON ON GROUNDS FOR WHICH HE IS NOT EXTRADITED

The Treaty provides that a "person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting State for an offense other than that for which extradition has been granted."[4]  Article 12(1); Cucuzzella, 638 F.2d at 107.  Accordingly, the Court must "look to the extraditability of each offense and not just each act." Id.

The Court must determine "whether each specific charge forms the basis for extradition, as the defendant may be prosecuted only on extraditable charges." Caplan v. Vokes, 649 F.2d 1336 (9th Cir. 1981).  Accordingly, each charge cannot piggyback on the others.  For example, the lesser (misdemeanor) charge of failing to register cannot piggyback on a showing of probable cause for another offense or failing to complete a sentence.  To be adequate, an extradition proceeding "must include in its record a specific delineation, as to each charge, of the legal authorities under the requesting country's law by which the accused's conduct is alleged to constitute an extraditable offense." See id. at 1344.  Where this evidence is insufficient, extradition must not be certified.  See id. at 1344-45.

The charge of failure to register as a sex offender is clearly not a crime punishable exceeding one year in prison in Canada.  "Because this is a summary conviction matter, I am aware that it does not meet the requirements for extradition, and as such I am not seeking Robertson's extradition on 56614 . . ."

---

[4] The Treaty provides exceptions only if one voluntarily leaves and reenters the requesting country, or if one freely stays longer than 30 days. Treaty, Art. 12.

Extradition Packet, Murray Affidavit, ¶ 22.  Mr. Robertson's failure to register is not an extraditable offense, and he may not be detained or tried in Canada on such a charge subsequent to extradition for separate charges.

## VII. CONCLUSION

Mr. Robertson cannot be extradited to Canada.  The charged offense is not an offense in the United States.  He completed his sentence on the prior conviction.  And the failure to register offense is only punishable by up to six months.  Accordingly, this Court must deny extradition.

DATED: November 14, 2011          Respectfully submitted,

                                  DANIEL J. BRODERICK
                                  Federal Defender


                                  /s/ Rachelle Barbour
                                  RACHELLE BARBOUR
                                  Research and Writing Attorney
                                  Attorney for Defendant
                                  JAMES WILLIAM ROBERTSON