BENJAMIN B. WAGNER
United States Attorney
MICHELLE A. PRINCE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES WILLIAM ROBERTSON,<br><br>    Fugitive | CASE NO. 2:11-mj- 310 KJN<br><br>GOVERNMENT'S MOTION TO<br>CONTINUE EXTRADITION HEARING<br><br>Hearing: December 9, 2011<br>Time: 10:00 am<br>Judge Dale A. Drozd |

     The government hereby seeks to continue the extradition hearing from December 9, 2011, to December 16, 2011.  The government has asked the defense for a one week continuance and the defense has objected to the continuance unless the government agrees to the release of the defendant.

     This extradition hearing began on November 16, 2011.  The court asked the government to brief issues raised in the defendant's brief.  The government filed its Response on November 30, 2011, in accordance with the briefing schedule.  The government also informed the defense that if more time was needed to respond to the government's brief, there would be no opposition.  The defense, requested a one week continuance and the government did not object.  Furthermore, the defense did not provide a filing deadline and only filed its brief this morning, the day  before the hearing.  The defendant addresses issues with regards to Canadian law and the government requires time to address theses issues  by contacting the Canadian Crown Prosecutor and giving them an opportunity to respond.  It is

only reasonable that the government be properly and effectively prepared to respond to the arguments presented by the defendant at the hearing. The government has not previously requested a continuance of this hearing date.

The Court has significant discretion in granting a continuance of the extradition hearing. See. e.g *Matter of Requested Extradiction of Smyth*, 61 F.3d 711, 720-21 (9th Cir. 1995) (noting Federal Rules do not apply to extradition hearings). Moreover, nothing prevents the government from reinstituting proceedings after initial unsuccessful attempts. A denial of a request for extradition is not a final judgment and does not have a res judicata effect. *Hooker v. Klien*, 573 F.2d 1360, 1365 (9 th Cir. 1978); *Collins v. Lisel*, 262 U.S 426, 43 S. Ct. 618, 67 L.Ed. 1062 (1923). In *Bovio v. United States*, 989 F.2d 255 (989 F.2d 255 (7 Cir. 1993), the court noted that the government is permitted "to file multiple extraditions requests against the same person." *Id* at 261. By allowing the government to have a short period of time to respond to issues raised by the defense today, the court will conserve judicial resources and be in a better position to make its findings.

                                                BENJAMIN B. WAGNER
                                                United States Attorney

Date: December 8, 2011                    */s/ Michelle Prince*
                                                By:: MICHELLE A. PRINCE
                                                Assistant United States Attorney