```
1  BENJAMIN B. WAGNER
   United States Attorney
2  MICHELLE A. PRINCE
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2758
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case. No 2:11-MJ-310 KJN |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | EXTRADITION SUPPORTING DOCUMENTATION FOR THE EXTRADITION OF FUGITIVE JAMES WILLIAM ROBERTSON FROM THE UNITED STATES TO CANADA |
| JAMES WILLIAM ROBERTSON, | ) | |
| Defendant. | ) | |

//
//
//
//
//
//
//
//
//
//

1

U.S. Department of State

# CERTIFICATE TO BE ATTACHED TO DOCUMENTARY EVIDENCE ACCOMPANYING REQUISITIONS IN THE UNITED STATES FOR EXTRADITION
## AMERICAN FOREIGN SERVICE

12-09-2011
Place and Date *(mm-dd-yyyy)*

I, Sylvia D. Johnson, Consul General
   Name                                    Title

of the United States of America at Ottawa, Canada

hereby certify that the annexed papers, being an authenticated affidavit of law dated Nov 30, 2011

proposed to be used upon an application for the extradition from the United States of America

of James Williams Robertson,

charged with the crime of to serve the remainder of a sentence (9 years, 9 months, 18 days) and

to stand trial on three counts of breach of a long term supervision order

alleged to have been committed in the Province of British Columbia

are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by

the tribunals of Canada,

as required by Title 18, United States Code, Section 3190.

In witness whereof I hereunto sign my name and cause my seal of office to be affixed

this 9th day of December 2011
                              Month and Year

Signature

Sylvia D. Johnson, Consul General
Type Name and Title of Certifying Officer
of the United States of America.

DS-36
04-2007

Department of Justice	Ministère de la Justice
Canada	Canada

Ottawa, Canada
K1A 0H8

# CERTIFICATE OF AUTHENTICATION

*IN THE MATTER OF the extradition of **JAMES WILLIAM ROBERTSON** from the United States of America to British Columbia, Canada*

I, SARA SILVESTRI, Counsel for the International Assistance Group, Department of Justice of Canada, do hereby certify:

THAT attached to this Certificate is authenticated documentation presented by Canada in support of the extradition of **JAMES WILLIAM ROBERTSON** who is wanted in the Province of British Columbia to serve the remainder (9 years 9 months 18 days) of a sentence and to stand trial on three counts of breach of a long term supervision order, contrary the *Criminal Code*.

THAT the documentation attached to this certificate is composed of:

- the original Affidavit of Law prepared on November 30, 2011 by Catherine Anne Murray, Crown Prosecutor for the Ministry of Attorney General of British Columbia.

THAT Paula Donnachie whose original signature appears at the end of the Affidavit of Catherine Anne Murray is a Commissioner of Oaths for the Province of British Columbia, having been duly commissioned and duly authorized by the laws thereof to administer oaths and to take affidavits within the said Province.

The Seal of the Minister of Justice of Canada is hereby affixed this 9th day of December, 2011.

_____
Sara Silvestri

Canada

**CANADA**
**PROVINCE OF BRITISH COLUMBIA**
**CITY OF VICTORIA**

IN THE MATTER OF AN APPLICATION FOR THE EXTRADITION FROM THE UNITED STATES OF AMERICA TO CANADA OF JAMES WILLIAM ROBERTSON WHO STANDS CHARGED IN CANADA WITH BREACH OF HIS LONG-TERM SUPERVISION ORDER

### AFFIDAVIT

I, Catherine Anne Murray, Q.C., of the City of Victoria, in the Province of British Columbia, Canada, MAKE OATH AND SAY AS FOLLOWS:

1. I am a Barrister and Solicitor qualified to practice law in the Province of British Columbia, Canada since June 15, 1985. I am employed as a Crown Prosecutor with the Criminal Justice Branch of the Ministry of Attorney General of British Columbia, Canada, which is responsible for the conduct of criminal prosecutions in the Province of British Columbia, Canada and have been since May, 1997.

2. This Affidavit is sworn in reply to Mr. Robertson's submission and should be read in conjunction with my Affidavit sworn the 28th day of September, 2011.

3. I understand that the Federal Defender for James William ROBERTSON has filed a Brief in Opposition to Extradition (dated November 16, 2011), in which it is contended that a long-term supervision order under the Canadian *Criminal Code*, R.S.C. 1985, c.C-46 does not constitute a "sentence" within the meaning of the Extradition Treaty Between Canada and the United States, March 22, 1976. Article 9(4) of the Extradition Treaty stipulates that "When the request [for

extradition] relates to a person already convicted, it must be accompanied by the judgment of conviction and sentence passed against him in the territory of the requesting State, by a statement showing <u>how much of the sentence has not been served</u>, and by evidence providing that the person requested is the person to whom the sentence refers": underlining added.

4. Once a person has been determined by a judge in Canada to be a "long-term offender", sentence is imposed on that individual pursuant to s.753.1(3) of the *Criminal Code*. The governing legislative provision specifically provides that the "Sentence for [a] long-term offender" consists of two components: (a) a minimum sentence of imprisonment for a term of two years; and (b) an order that the offender be subject to long-term supervision for a period that does not exceed 10 years.

5. The order for long-term supervision is "supervised in the community in accordance with" Canada's *Corrections and Conditional Release Act,* S.C. 1992, c.20 as amended. However, it is imposed at the time of sentencing and in my respectful submission, the order forms an integral part of the overall sentencing process for persons who are convicted in Canada of serious sexual offences and meet the criteria for a long-term offender designation. Indeed, the language used by the trial judge when she imposed sentence on Count 1 of the Indictment in ROBERTSON's case reflects this reality: "Accordingly, pursuant to s.753.1(a), I sentence JWR to three years imprisonment on Count 1 <u>and</u>, pursuant to s.753.1(b), order that JWR be supervised in the community for a period of ten years following his release ... ": *R. v. R.(J.W.),* 2005 BCSC 75, para.[123], as found in Exhibit F of my previous Affidavit in this matter, underlining added. The term of imprisonment and the order for long-term supervision formed part of one sentencing transaction, although individually they constitute distinct forms of legal sanction.

6. ROBERTSON appealed his long-term offender designation to the British Columbia Court of Appeal, as well as the imposition of the ten year supervision order. The appeal was dismissed. During the course of its analysis, the Court of Appeal described ROBERTSON as having been "<u>sentenced</u> under Part XXIV of the *Criminal Code*", and when referencing the relevant statutory provisions, the Court specifically included both s.753.1(3)(a) and (b) of the *Criminal Code*: *R. v. J.W.R.*, 2010 BCCA 66, para.[13], as found in Exhibit H of my previous Affidavit in this matter, underlining added.

7. In *R. v. Johnson*, [2003] 2 S.C.R. 357, the Supreme Court of Canada described the long-term offender provisions in Part XXIV of the *Code* (which include s.753.1(3)), as provisions that "govern the <u>sentencing</u> of offenders who pose an ongoing public threat": para.2, underlining added. According to the Court, the long-term offender provisions "[expand] the range of <u>sentencing options</u> available to a sentencing judge who is satisfied that the dangerous offender criteria have been met": para.44, underlining added. With Canada's introduction of s.753.1, a "sentencing judge is no longer faced with the stark choice between an indeterminate sentence and a determinate sentence. Rather, a sentencing judge may consider the <u>additional possibility that a determinate sentence followed by a period of supervision in the community</u> might adequately protect the public": para.44, underlining added.

8. Both the term of imprisonment imposed under s.753.1(3)(a) and the long-term supervision order can be appealed as part of the same appeal process, and pursuant to one governing statutory provision (s.759(1), *Criminal Code*). Working together, the fixed term of imprisonment and the long-term supervision order constitute a "sentencing option" under the dangerous offender regime.

9. In *Maydak v. United States of America,* 2004 BCCA 478, the appellant was committed for surrender to the United States for the purpose of serving the remainder of a sentence that had been imposed on him in Pensylvania. The sentence consisted of 96 months imprisonment, a fine, other monetary orders and <u>three years of supervised release</u> that would be served at the expiration of the 96 months incarceration. When the extradition request arose, the appellant had already served his 96 months of incarceration. However, he was still subject to the thee years of supervised release and, in fact, was alleged to be in breach of the associated terms of conditions. The fact that the "sentence" sought to be enforced by the requesting state consisted of a supervised release order was not seen as a bar to extradition. The committal was upheld. Functionally, this situation is no different than the one involving ROBERTSON.

10. In ROBERTSON's appeal of his long-term supervision order, the Court of Appeal noted that long-term supervision "is intended to accomplish the goal of preventing future crimes": *R. v. J.W.R.,* 2010 BCCA 66, para.[43], as found in Exhibit H of my previous Affidavit in this matter. As it relates specifically to ROBERTSON, the trial judge "considered that community supervision for a lengthy period was necessary to prevent a recurrence of [ROBERTSON's] destructive behaviour, particularly in light of the limited treatment that is available for offenders who do not acknowledge their offences": para.[44]. Protection of the public through the prevention of further offending has long been recognized in Canada as an important objective of sentencing. Indeed, section 718 of the *Criminal Code* expressly states that "The fundamental purpose of sentencing is to contribute, along with crime prevention initiatives, to respect for the law and the maintenance of a just, peaceful and <u>safe society</u> ...": underlining added. It is submitted that the long-term supervision order made against ROBERTSON was made in furtherance of a recognized sentencing goal and should be viewed as a "sentence" for the purpose of extradition.

| | |
|---|---|
| SWORN BEFORE ME this 30th ) | |
| day of November, 2011 in the City of ) | |
| Victoria, in the Province of ) | |
| British Columbia, Canada ) | |
| ) | |
| ) | |
| ) | |
| *[signature]* ) | *[signature]* |
| A Commissioner for taking Oaths ) | CATHERINE ANNE MURRAY, Q.C. |
| In the Province of British Columbia ) | |