**CANADA**
**PROVINCE OF BRITISH COLUMBIA**
**CITY OF VICTORIA**


IN THE MATTER OF AN APPLICATION FOR THE EXTRADITION FROM THE UNITED STATES OF AMERICA TO CANADA OF JAMES WILLIAM ROBERTSON WHO STANDS CHARGED IN CANADA WITH BREACH OF HIS LONG-TERM SUPERVISION ORDER


## AFFIDAVIT

I, Catherine Anne Murray, Q.C., of the City of Victoria, in the Province of British Columbia, Canada, MAKE OATH AND SAY AS FOLLOWS:

1. I am a Barrister and Solicitor qualified to practice law in the Province of British Columbia, Canada since June 15, 1985. I am employed as a Crown Prosecutor with the Criminal Justice Branch of the Ministry of Attorney General of British Columbia, Canada, which is responsible for the conduct of criminal prosecutions in the Province of British Columbia, Canada and have been since May, 1997.

2. I have become aware of an error in my Affidavit sworn the 28th day of September, 2011 in support of an application to extradite James William ROBERTSON ("ROBERTSON") from the United States and returned to Canada to stand trial on outstanding charges of breaching a Long-term Supervision Order on Information 152261, Victoria Court registry. This Affidavit is sworn to correct the error and should be read in conjunction with my Affidavit sworn the 28th of September, 2011, a copy of which is attached hereto as Exhibit "A" to this my Affidavit.

3. In paragraphs 20 through 22 of the Affidavit sworn September 28th, I set out information about another charge outstanding against ROBERTSON of failing to report to a sex offender registration centre as required, from Richmond, British Columbia.

4. I wrote in paragraph 21 that "ROBERTSON has never reported to a sex offender registration centre and as such is charged...". I have become aware that ROBERTSON did report annually from 2007 to 2010 then failed to report between December 27, 2010 and January 29th, 2011 as required. He was charged as a result of that failure to report. Attached hereto as Exhibit "B" to this my Affidavit is a letter from Sgt. Robin Bridge, the Officer in Charge of the National Sex Offender Registry in British Columbia, setting out ROBERTSON's reporting history.

5. The fact that ROBERTSON had previously reported to a sex offender registration centre in the past does not affect the strength or validity of the charge discussed in paragraphs 20 through 22 of my Affidavit sworn September 28th. It should be noted as per paragraph 22 of my Affidavit sworn September 28th, that we are not seeking ROBERTSON'S extradition on that charge as it is a summary conviction offence.

6. The above does not affect our extradition request.

| | |
|---|---|
| SWORN BEFORE ME this 24th day of August, 2012 in the City of Victoria, in the Province of British Columbia, Canada | ) ) ) ) ) |
| *S.K. Judge* (signature) <br> ——————————————— <br> A Commissioner for taking Oaths In the Province of British Columbia | ) ) ) ) ) ——————————————— <br> CATHERINE ANNE MURRAY, Q.C. |

This is Exhibit _____ referred to in the Affidavit of
Catherine Anne Murray
sworn before me this 24 day
of August 20 12
S. K. [signature]
A Commissioner in and for taking
Affidavits for British Columbia

**CANADA**
**PROVINCE OF BRITISH COLUMBIA**
**CITY OF VICTORIA**

**IN THE MATTER OF AN APPLICATION FOR THE EXTRADITION FROM THE UNITED STATES OF AMERICA TO CANADA OF JAMES WILLIAM ROBERTSON WHO STANDS CHARGED IN CANADA WITH BREACH OF HIS LONG-TERM SUPERVISION ORDER**

## AFFIDAVIT

I, Catherine Anne Murray, Q.C., of the City of Victoria, in the Province of British Columbia, Canada, MAKE OATH AND SAY AS FOLLOWS:

1. I am a Barrister and Solicitor qualified to practice law in the Province of British Columbia, Canada since June 15, 1985. I am employed as a Crown Prosecutor with the Criminal Justice Branch of the Ministry of Attorney General of British Columbia, Canada, which is responsible for the conduct of criminal prosecutions in the Province of British Columbia, Canada and have been since May, 1997.

2. Since joining the Crown, my practice has been exclusively in the area of criminal law, accordingly I have developed an expertise in the field of criminal law in Canada.

3. I am responsible for the prosecution of James William ROBERTSON, date of birth July 12th, 1940, ("ROBERTSON") and as such I have personal knowledge of the facts and matters herein deposed, save and except where those facts are stated to be based upon information and belief and where so stated, I verily believe them to be true.

4. ROBERTSON is charged on Information 152261, (the "Information") with three counts of failing to comply with a Long-Term Supervision Order. Attached hereto and marked as Exhibit "A" to this my Affidavit is a certified copy of the Information. A warrant was issued by the Court Registry in Victoria, British

140

Columbia on September 23rd, 2010 as process for the Information. Attached hereto and marked as Exhibit "B" to this my Affidavit is a certified copy of the warrant which is still outstanding.

5. A Federal Warrant of Apprehension was issued by Correctional Services Canada on March 31, 2010 when ROBERTSON went missing. Attached hereto and marked as Exhibit "C" to this my Affidavit is a certified copy of the Federal Warrant of Apprehension: ROBERTSON is wanted in Canada to continue serving the sentence of Long-Term Supervision and he is wanted to stand trial for the offences set out in Exhibit "A".

6. A Long-Term Supervision Order ("LTSO") is imposed after a finding that the offender is a Long-Term Offender ("LTO"). An LTO pursuant to section 753.1 of the *Criminal Code of Canada* ("*Criminal Code*"), is an extraordinary sentence, that is imposed only when the court, after finding the offender guilty of a designated sexual offence, is satisfied that there is a substantial risk that the offender will reoffend, but is also satisfied that there is a reasonable possibility of eventual control of the risk in the community. If the offender is found to be an LTO, the court imposes a fixed sentence of two or more years and orders that the offender be supervised in the community for a further period not exceeding ten years. The supervision period has conditions that the offender must comply with and is supervised by parole officers employed by Correctional Services Canada. Attached hereto and marked as Exhibit "D" to this my Affidavit is a copy of section 753.1 of the *Criminal Code*.

7. Pursuant to section 753.3 of the *Criminal Code*, an offender that breaches an LTSO is guilty of an indictable offence and is subject to a term of imprisonment of up to ten years. Attached hereto and marked as Exhibit "E" to this my Affidavit is a copy of section 753.3 of the *Criminal Code*.

8.  ROBERTSON was found to be a long-term offender by Madame Justice Kirkpatrick of the British Columbia Supreme Court on January 20, 2005. He was sentenced on 13 offences ranging from assault to rape to a total sentence of 16 years plus a Long-Term Supervision Order of ten years. Attached hereto and marked as Exhibit "F" to this my Affidavit is the Reasons for Judgment on Sentence. ROBERTSON is identified as J.W.R. in the Judgment as there was a ban on publication ordered by the court to protect the victims. J.W.R. and ROBERTSON are one and the same person.

9.  After being credited 11 years for time served while awaiting trial, ROBERTSON received an effective sentence of 5 years plus the Long-Term Supervision Order ("LTSO"). Attached hereto and marked as Exhibit "G" to this my Affidavit is a certified copy of the Warrant of Committal setting out the sentence. Although Madame Justice Kirkpatrick convicted ROBERTSON on 13 offences, the Warrant of Committal only notes the sentences for 12 of the offences because the 13th offence was subsumed by two other counts and subject to the decision in *R. v. Kienapple* [1975] 1 SCR 729, the Justice ordered a conditional stay of proceedings on that count.

10. ROBERTSON unsuccessfully appealed the Long-Term Offender ("LTO") finding and the ten-year LTSO to the British Columbia Court of Appeal. Attached hereto and marked as Exhibit "H" to this my Affidavit is a copy of the decision of the Court of Appeal upholding the LTO designation and the LTSO. As with the BC Supreme Court Judgment, ROBERTSON's initials are used as the accused's name as there was a ban on publication ordered by the Court. J.W.R. and ROBERTSON are one and the same person.

11. Pursuant to the terms of his LTSO, ROBERTSON was, amongst other conditions, required to report to a parole officer as directed, advise his parole officer of his residential address and thereafter report immediately any change,

and to remain at all times in Canada. Attached hereto and marked as Exhibit "I" to this my affidavit is a certified copy of ROBERTSON'S Long-term Supervision Certificate.

12. ROBERTSON'S LTSO commenced January 19, 2010, following the expiration of his period of incarceration and is to remain in force until January 18, 2020. In March 2010, his parole officer, Ms. Froozan Jooya ("Jooya") lost contact with him. Contrary to the conditions of his LTO ROBERTSON moved from his sister's residence in Richmond, British Columbia without advising Jooya and had ceased reporting to her. Attached hereto and marked as Exhibit "J" to this my Affidavit is a statement from Jooya, which appends a photograph of ROBERTSON.

13. Through the investigation of Cst. Hernan Topacio of the Royal Canadian Mounted Police, it was determined that ROBERTSON is living in South Lake Tahoe, California, USA. This is in breach of his LTSO. Cst. Topacio's Affidavit sets out the details of his investigation.

14. Having reviewed the documentation and read the Affidavit of Cst. Topacio and the statement of Jooya, and based on my expertise in the area of criminal law, it is my opinion that there is a substantial likelihood of conviction on the charges of failing to comply with a Long-Term Supervision Order as charged in Exhibit "A".

15. All of the breaches alleged in Exhibit "A" are violations of the *Criminal Code* and are criminal offences. All of the offences alleged in Exhibit "A" were offences that occurred on the date as set out in each of the counts within the Information, and continue to be offences today.

16. The *Criminal Code* is a statute enacted by the Parliament of Canada. It contains the law relating to criminal offences for the whole of Canada. It therefore applies in British Columbia. The particular sections of the *Criminal Code* relevant to this extradition request were in force on the day of the alleged offences.

17. Under Canadian law, criminal offences are divided into three categories:

    a. Indictable offences;
    b. Summary conviction offences; and
    c. Offences that are, at the election of the prosecution, either indictable or summary conviction, (referred to as "Crown election" or "hybrid" offences).

18. Canadian law has abolished the common law distinction between felonies and misdemeanours; however, indictable offences are roughly equivalent to felonies, and summary conviction offences are roughly equivalent to misdemeanours. Generally speaking, indictable offences are more serious, provide the accused with more elaborate procedures and safeguards, and carry the risk of more severe penalties. There are no limitation periods for indictable offences. Summary conviction offences are commonly less serious offences, with less severe consequences upon conviction. In the case of Crown election or hybrid offences, all such offences are deemed to be indictable offences unless and until the Crown elects to proceed by way of summary conviction.

19. If ROBERTSON is convicted of the counts set out on the Information, Crown Counsel will seek a penitentiary sentence, which is a jail term over two years in length.

20. ROBERTSON has another outstanding charge and warrant from Richmond, British Columbia. As part of his sentence, ROBERTSON was ordered, pursuant to section 490.012 of the *Criminal Code of Canada* to comply with the Sex Offender Registration Act ("SOIRA") : see paragraphs 142 through 148 of the Reasons for Judgment ( Exhibit "F"). The SOIRA establishes a database designed to assist peace officers in the investigation of sexual offences. The database contains addresses, descriptors and other vital information of convicted sex offenders. Pursuant to the order ROBERTSON was required to report to a Sex Offender registration centre within 15 days of his release from prison and report once a year thereafter for the rest of his life.

21. ROBERTSON has never reported to a sex offender registration centre and as a result, is charged under section 490.031 of the *Criminal Code of Canada* with the criminal offence of failing to comply with the SOIRA. Attached hereto as Exhibit "K" to this my Affidavit is a certified copy of outstanding Information 56614 from the Richmond, British Columbia Court registry. A warrant was issued for the arrest of ROBERTSON as process on this charge on May 31st, 2011. A certified copy of the warrant is attached hereto as Exhibit "L" to this my Affidavit.

22. Pursuant to section 490.031 of the *Criminal Code of Canada* ROBERTSON is liable if convicted to a fine of up to $10,000 or to imprisonment of up to six months or to both. A copy of *Criminal Code of Canada* sections 490.012, 490.013 and 490.031 are attached hereto as Exhibit "M" to this my Affidavit. Because this is a summary conviction matter, I am aware that it does not meet the requirements for extradition, and as such I am not seeking ROBERTSON's extradition on Information 56614, however, I am referring to the existence of this information as an aggravating factor in Mr. ROBERTSON's conduct.

23. I swear this Affidavit in support of an application to have ROBERTSON extradited from the United States of America and returned to Canada for the purpose of his standing trial on the charges set out in Information 152261 attached hereto as Exhibit "A" and to be dealt with according to law.

SWORN BEFORE ME this ____
day of _____ 2011 in the City of
Victoria, in the Province of
British Columbia, Canada

_____
A Commissioner for taking Oaths
in the Province of British Columbia

_____
CATHERINE ANNE MURRAY, Q.C.

# National Sex Offender Registry

## British Columbia Sex Offender Information Registration Centre – BC SOIRC

Julie Denny
Paralegal
Office of the Federal Defender
Eastern District of California
801 I Street, 3rd Floor
Sacramento, California
USA 95814

This is Exhibit "B"
referred to in the Affidavit of
_____
sworn before me this ___ day
of August 20 12
_____
A Commissioner in and for taking
Affidavits for British Columbia

Ms Denny

This letter serves to provide official confirmation that James William ROBERTSON (DOB:1940-07-12) completed the following activities with the National Sex Offender Registry(NSOR) in Canada as indicated below:

| DATE | ACTIVITY | LOCATION OF REGISTRATION |
|---|---|---|
| 2007-02-26 | Annual Registration | Surrey, British Columbia |
| 2008-02-13 | Annual Registration | Surrey, British Columbia |
| 2008-06-05 | Change of Address | Richmond, British Columbia |
| 2009-01-28 | Annual Registration | Richmond, British Columbia |
| 2010-01-28 | Annual Registration | Richmond, British Columbia |
| 2011-01-29 | Non-Compliant NSOR – Request for Charges forwarded to Crown Counsel | |

Should Mr. ROBERTSON require any further information please advise him to contact our office at 1-866-648-5933.

Sgt. Robin BRIDGE
NCO i/c National Sex Offender Registry - British Columbia
Behavioural Sciences Group
604-598-4553